**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------x
: 
In re:                                                    :    Chapter 15
                                                          :
MADISON NICHE ASSETS                                      :    Case No. 16-10043 (KJC)
FUND, LTD. (IN OFFICIAL                                   :
LIQUIDATION),[1] *et al.*,                                :    (Joint Administration Requested)
                                                          :
       Debtors in                                        :
       Foreign Proceedings.                              :
                                                          :
                                                          :
------------------------------------------------------------x

**MOTION FOR ORDER SPECIFYING FORM**
**AND MANNER OF SERVICE OF NOTICE**

Matthew James Wright and Christopher Barnett Kennedy, duly appointed joint official liquidators and authorized foreign representatives ("**Petitioners**" or "**Official Liquidators**") of Madison Niche Opportunities Fund, Ltd. (in Official Liquidation) ("**Opportunities Fund**") and Madison Niche Assets Fund, Ltd. (in Official Liquidation) ("**Assets Fund**" and together with Opportunities Fund, the "**Funds**"), both Funds in liquidation under the supervision of the Financial Services Division of the Grand Court of the Cayman Islands (the "**Grand Court**") (cause nos. FSD 0035 of 2015 (ASQC) (re the Assets Fund) and 0036 of 2015 (ASQC) (re the Opportunities Fund)) as a result of the Grand Court's orders (the "**Supervision Orders**") made pursuant to the Official Liquidators' petitions for the Grand Court's supervision under section 131 of the Companies Law of the Cayman Islands (2013 Revision) (the "**Companies Law**")[2] (collectively, the "**Cayman Liquidations**") by its undersigned United States counsel, Holland &

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Madison Niche Asset Fund, Ltd. (in Official Liquidation) (1425) and Madison Niche Opportunities Fund, Ltd. (in Official Liquidation) (0084). The Funds' registered office is 2nd Floor, Windward 1, Regatta Office Park, P.O. Box 897, Grand Cayman, KY1-1103.

[2] Excerpts of the relevant provisions of the Companies Law are attached as Exhibit A to the Gowrie Declaration.

01:18095674.3

Knight LLP and Young Conaway Stargatt & Taylor, LLP, respectfully submit this motion (the "**Motion**"), seeking entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) approving the notice of filing of the Official Form Petition and *Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code* (the "**Verified Petition**," and, together with the Official Form Petition, the "**Petition**") in the form attached hereto as **Exhibit B** (the "**Notice**"); (ii) specifying the manner of service of the Notice; and (iii) scheduling a hearing on the Petition. In support of the Motion, the Official Liquidators state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of title 11 of the United States Code (the "**Bankruptcy Code**"), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.

2. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1410 because there is an action pending against the Funds within this District.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested herein are sections 105(a), 1514, and 1515 of the Bankruptcy Code, and Rules 2002, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

5. On March 6, 2015, the Official Liquidators, acting then in their capacities as joint voluntary liquidators of the Funds, issued petitions to the Grand Court seeking, among other

01:18095674.3

2

things, entry of orders that the Funds' voluntary liquidation continue under the Grand Court's supervision. On March 11, 2015, the Grand Court entered orders granting the relief requested and commencing the Cayman Liquidations.

6. Subsequently, on the date hereof, the Official Liquidators commenced these chapter 15 cases by filing, among other things, chapter 15 petitions and verified chapter 15 petitions seeking recognition by the Court of the Cayman Liquidations as the foreign main proceeding under chapter 15 of the Bankruptcy Code in respect of each of the Funds.

## THE FUNDS' BUSINESSES

7. The Funds were incorporated as exempted limited companies under the laws of the Cayman Islands: the Opportunities Fund was incorporated on September 23, 2002, and the Assets Fund on November 8, 2004. While the Funds were formerly registered as mutual funds and regulated by the Cayman Islands Monetary Authority ("**CIMA**"), both Funds' CIMA licenses were terminated following their entry into voluntary liquidation.

8. The Funds belong to a group of companies that is ultimately controlled by Madison Capital Management, LLC. Each of the Funds, via a number of intermediary vehicles, holds shares in special purpose vehicles set up to own and operate specific assets into which the Funds' participating shareholders are ultimately invested. The Funds serve as feeder funds for: in the case of the Opportunities Fund, Madison Niche Opportunities Master Fund, Ltd. (in Voluntary Liquidation) ("**MNOMF**"); and in the case of the Assets Fund, Madison Niche Assets Master Fund, Ltd. (in Voluntary Liquidation) ("**MNAMF**" and together with MNOMF, the "**Master Funds**"). The assets of each of the Funds consist solely of the shares of the corresponding Master Fund that it feeds.

01:18095674.3

3

9. Additional information about the Funds' businesses, capital structure and the circumstances leading to the commencement of the Cayman Liquidations and these cases can be found in the *Declaration of Christopher Barnett Kennedy in Support of Chapter 15 Petitions for Recognition as Foreign Main Proceedings* [Docket No. 5] (the "**Kennedy Declaration**"), *Declaration of Barnaby Gowrie in Support of Chapter 15 Petitions of Debtors in Foreign Proceedings for Recognition as Foreign Main Proceedings* [Docket No. 4] (the "**Gowrie Declaration**"), and the *Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of Bankruptcy Code* [Docket No. 2] (the "**Petition**").

## RELIEF REQUESTED

10. By this Motion, the Official Liquidators respectfully request entry of an order (i) approving the Notice; (ii) specifying the manner of service of the Notice; and (iii) scheduling a hearing on the Petition.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 2002(q)(1) provides that 21 days' notice of a hearing on a petition for recognition of a foreign proceeding must be given to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct." Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007, in turn, provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m) and 9007.

01:18095674.3

4

12. The Official Liquidators request that the Notice be approved by this Court pursuant to Bankruptcy Rules 2002(m) and 9007, and that they be permitted to serve the Notice, the Petition, and the Petition's supporting documents (collectively, the "**Service Documents**") to the Debtor and all persons, bodies, and entities required by Bankruptcy Rule 2002(q)(1) by U.S. mail, first-class postage prepaid or its appropriate equivalent, by overnight courier or by hand if practicable, or by electronic mail where addresses are available, upon all parties required under Fed. R. Bankr. P. 2002(q), within three (3) business days of the entry of the Proposed Order or other order granting the relief requested herein.  Petitioners request that the Court approve the foregoing as adequate and sufficient notice of the Service Documents.

13. The Petitioners respectfully request that if any party files a notice of appearance in this case, the Petitioners shall serve the Service Documents and subsequent notices upon such party within ten (10) days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

14. Petitioners also request that the Court require all responses to the Service Documents ("**Responses**") to be made in accordance with the Bankruptcy Code, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Bankruptcy Rules, including, without limitation, Rule 1011 of the Federal Rules of Bankruptcy Procedure, in writing describing the basis therefor, which Response must be filed with the Office of the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel for the Official Liquidators so as to be received by the date set in accordance with the Local Rules. Notices to counsel for the Official Liquidators should be addressed to **Warren E. Gluck, Esq.**, Holland

& Knight LLP, 31 West 52nd Street, New York, NY 10019, and **Matthew B. Lunn, Esq.**, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801.

15. The Petitioners respectfully request that a hearing to consider the Petition be scheduled at a time convenient for the Court and the parties, in accordance with Bankruptcy Rule 2002(q).

16. The Petitioners further request that the Court grant this Motion without notice to creditors. The Petitioners will serve notice of the signed order in accordance with the procedures set forth in this Motion. In light of the nature of the relief requested, the Petitioners submit and request that this Court hold that no further notice is required.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, Petitioners, as foreign representatives, respectfully request (i) entry of the Proposed Order in the form attached hereto as **Exhibit A** approving the Notice in the form attached hereto as **Exhibit B**, specifying the manner of service of the Notice, and scheduling a hearing on the Petition, and (ii) waiver of the requirements of Section 1514(c) of the Bankruptcy Code.

| | |
|---|---|
| Dated: January 11, 2016<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Matthew B. Lunn*<br>Edmon L. Morton (No. 3856)<br>Matthew B. Lunn (No. 4119)<br>Ian J. Bambrick (No. 5455)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-5038<br>Facsimile:  (302) 571-1253<br><br>-and-<br><br>HOLLAND & KNIGHT LLP<br>Warren E. Gluck, Esq. (*pro hac vice* pending)<br>Barbra R. Parlin, Esq. (*pro hac vice* pending)<br>Kathleen M. St. John (*pro hac vice* pending)<br>31 West 52nd Street<br>New York, New York 10019<br>Telephone:  (212) 513-3200<br>Facsimile:  (212) 385-9010<br><br>*Counsel for the Official Liquidators of the Funds* |